UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN DeJESSE SAMPSON,

     Petitioner,      Case No. 1:08-cv-395

v.               Honorable Paul L. Maloney

BLAINE LAFLER,

     Respondent.
_____/

## REPORT AND RECOMMENDATION

   This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it lacks merit on its face.

**Factual Allegations**

Petitioner is incarcerated in the Carson City Correctional Facility.  On September 20, 2004. he pleaded guilty in the Emmet County Circuit Court to one count of conspiracy to rob while armed and one count of attempted armed robbery.  The trial court sentenced him on March 7, 2005, to concurrent prison terms of fourteen to forty years and three to five years, respectively.

On November 7, 2006, Petitioner's appellate counsel filed a motion in the trial court to vacate his conviction and sentence due to a violation of Michigan's "180-day rule."  The statute provides:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending *written notice* of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

MICH. COMP. LAWS § 780.131(1) (emphasis added).  In this case, a felony complaint and warrant were issued in Emmett County on December 15, 2003, charging Petitioner with one count of conspiracy to rob while armed and four counts of armed robbery.  At the time the felony complaint was issued, Petitioner was incarcerated in the Bay County Jail pursuant to an October 6, 2003 conviction in the Bay County Circuit Court for felonious assault.  On January 20, 2004, Petitioner was sentenced to imprisonment of twenty-three months to four years for the felonious-assault conviction.

Petitioner contends that the Emmett County prosecutor was aware of his incarceration when the felony complaint was issued on December 15, 2003, because a Petoskey police officer had interviewed him at the Bay County Jail two months earlier, on October 2, 2003.  Petitioner argues that pursuant to MICH. COMP. LAWS § 780.131 and MICH. CT. R. 6.004(D), the prosecutor had 180 days, from December 15, 2003 until approximately June 15, 2004, to bring him to trial on the charges.  Petitioner was not arraigned on the charges until July 21, 2004, thirty-six days later.

Following a hearing held on December 4, 2006, the trial court denied Petitioner's motion to vacate his conviction and sentence.  In reaching its decision, the trial court relied upon *People v. Williams*, 716 N.W.2d 208, 215 (Mich. 2006), in which the Supreme Court held that, under the express language of the statute, the 180-day period begins to run when the Michigan Department of Corrections (MDOC) delivers a written notice of incarceration and request for disposition to the prosecutor.  In this case, the MDOC did not deliver written notice to the prosecutor's office; therefore, the trial court found that the 180-day period was not triggered.  Even if the Emmett County prosecutor had constructive knowledge that Petitioner was in the custody of the MDOC, that was insufficient to satisfy the statutory requirement for written notice.  The trial court subsequently denied Petitioner's motion for reconsideration on January 4, 2007.

Petitioner presented the following claim in his delayed application for leave to appeal in the Michigan Court of Appeals:

I.      THE LOWER COURT ABUSED ITS DISCRETION AND COMMITTED
        REVERSIBLE ERROR WHEN IT DENIED DEFENDANT'S MOTION TO
        VACATE HIS CONVICTION AND DISMISS CHARGES DUE TO THE
        FACT THAT IT LACKED JURISDICTION IN THIS CASE BECAUSE OF
        A VIOLATION OF THE 180-DAY RULE.

(Mich. Ct. of App. Br., docket #1-2.)  The Michigan Court of Appeals denied Petitioner's application on February 15, 2007, for lack of merit in the grounds presented.

Petitioner appealed to the Michigan Supreme Court, claiming:

I.      THIS CASE MUST BE REMANDED TO THE TRIAL COURT TO
        ESTABLISH JURISDICTION OVER DEFENDANT MR. SAMPSON
        WHERE THIS COURT ERRED BY LAW WHEN DECIDING
        DEFENDANT'S MOTIONS TO DISMISS FOR VIOLATION OF 180 DAY
        SPEEDY TRIAL RULE AND LACK OF JURISDICTION FOR FAILURE
        TO ARRAIGN WITHOUT UNNECESSARY DELAY.

        A.      THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN
                HOLDING THAT WILLIAMS APPLIED TO A PRE-TRIAL
                DETAINEE'S CASE.

        B.      DEFENDANT'S GUILTY PLEA DOES NOT WAIVE THE
                JURISDICTIONAL ARGUMENT THAT THE STATE COURT
                WOULD BE PRECLUDED FROM EVEN PROSECUTING
                DEFENDANT FOR THE CRIME REGARDLESS OF HIS
                FACTUAL GUILT.

        C.      THE TRIAL COURT'S FAILURE TO GRANT DEFENDANT'S
                MOTION FOR RECONSIDERATION WAS A CLEAR ABUSE OF
                DISCRETION.

(Mich. Ct. Br., docket #1-3.)  The Michigan Supreme Court denied Petitioner's application on July

30, 2007, because it was not persuaded that the questions presented should be reviewed by the court.

        In his application for habeas corpus relief, Petitioner asserts a violation of his Sixth

Amendment right to a speedy trial.

## Standard of Review

        This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB.

L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The

AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect

to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has

"drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir.

2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant

to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

### Discussion

#### A.      **Exhaustion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

A petitioner has fairly presented his claims when he identifies the constitutional right that he claims has been violated and the particular facts which supported his claims to the state courts. *Onifer v. Tyszkiewicz*, 255 F.3d 313, 315 (6th Cir. 2001). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.

Petitioner did not assert a violation of his Sixth Amendment right to a speedy trial in the Michigan Courts. Rather, Petitioner claimed a violation of Michigan's 180-day rule, which is grounded exclusively in state law. Because Petitioner did not "fairly present" his Sixth Amendment claim in the Michigan appellate courts, his claim is unexhausted. An applicant has not exhausted

- 6 -

available state remedies if he has the right under state law to raise, by any available procedure, the

question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which

to raise the issues he has presented in this application.  He may file a motion for relief from judgment

under MICH. CT. R. 6.500 *et. seq*.   However, a habeas petition may be denied on the merits

notwithstanding the failure of the applicant to exhaust his state court remedies.  *See* 28 U.S.C.

§ 2254 (b)(2).

        B.      **Merits**

Petitioner asserts a claim under the Speedy Trial Clause of the Sixth Amendment.

Petitioner, however, waived his speedy trial claim when he pleaded guilty.  An unconditional guilty

plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations, *Tollett v.*

*Henderson*, 411 U.S. 258, 267 (1973), including a defendant's claim that he was denied his

constitutional right to a speedy trial, *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Drumm*

*v. Parke*, No. 89-5437, 1990 WL 14045 (6th Cir. Feb. 16, 1990).  Even if Petitioner's claim was not

waived by his guilty plea, his Sixth Amendment claim fails on the merits.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused

shall enjoy the right to a speedy and public trial."  U.S. Const. Amend. VI; *see also Klopfer v. North*

*Carolina*, 386 U.S. 213 (1967) (holding that the right to a speedy trial is incorporated through the

Fourteenth Amendment and thus applies to the states).  The Supreme Court in *Barker v. Wingo*, 407

U.S. 514, 530 (1972), established a four-factor test for evaluating a Sixth Amendment speedy-trial

claim: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and

(4) prejudice to the defendant.  None of these four factors is "a necessary or sufficient condition to

the finding of a deprivation of the right of speedy trial.  Rather, they are related factors and must be

considered together with such other circumstances as may be relevant." *Id.* at 533.  Applying these factors here shows that Petitioner's speedy-trial rights were not violated.

1.       Length of the delay

The length of the delay is a threshold factor for any Sixth Amendment speedy trial claim.  *United States v. Jackson*, 473 F.3d 660, 664 (6th Cir.), *cert. denied*, 127 S. Ct. 2294 (2007); *United States v. Watford*, 468 F.3d 891, 901 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 2876 (2007). "That is, if there is no delay that is presumptively prejudicial, there is no necessity for inquiry into the other factors."  *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007); *see also Doggett v. United States*, 505 U.S. 647, 651-52 (1992) ("Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay.").  Thus, this Court must determine, at the outset, whether the delay here was "uncommonly long" or "extraordinary."  *Watford*, 468 F.3d at 901 (citations omitted).  Generally, a delay is presumed prejudicial and deemed sufficient to require further analysis when it exceeds one year.  *Id.*  Furthermore, the longer the delay "stretches beyond the bare minimum needed to trigger judicial examination of the claim," the stronger the presumption of prejudice to the defendant from the pretrial delay.  *Doggett*, 505 U.S. at 652.

The length of the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier.  *United States v. Marion*, 404 U.S. 307, 320(1971); *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005).  I will assume for purposes of this analysis that there was a seven-month delay from the time felony complaint was issued on December 15, 2004, until Petitioner was arraigned on July 21, 2005.  Such a delay, which is less than a year, might not rise even to the minimal threshold level required to proceed with further analysis.  *See United States v.*

*Williams*, 231 F. App'x 457, 463 (6th Cir. 2007).  However, I will assume without deciding that the

seven-month delay is presumptively prejudicial and address the remaining factors, which, as

discussed below, outweigh this presumption.

### 2.       Reason for the delay

In considering the reasons for delay, this Court must consider the justifications

offered by the Government, as "only those periods of delay attributable to the government or the

court are relevant to [defendant's] constitutional claim." *United States v. Howard*, 218 F.3d 556, 564

(6th Cir. 2000).  In *Barker*, the Supreme Court established a sliding scale of justifications for delay:

> A deliberate attempt to delay the trial in order to hamper the defense should be
> weighted heavily against the government. A more neutral reason such as negligence
> or overcrowded courts should be weighted less heavily but nevertheless should be
> considered since the ultimate responsibility for such circumstances must rest with the
> government rather than with the defendant. Finally, a valid reason, such as a missing
> witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 531 (footnote omitted); *see also Maples*, 427 F.3d at 1026 ("In considering this

factor, we weigh some reasons more heavily than others.  For instance, government delays motivated

by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the

government, while 'more neutral' reasons such as negligence or overcrowded dockets weigh *464

against the state less heavily.").  "The purpose of this weighting scheme is to quantify 'whether the

government or the criminal defendant is more to blame for [the] delay.' " *Watford*, 468 F.3d at 902

(citations omitted); *see also United States v. Tinson*, 23 F.3d 1010, 1013 (6th Cir. 1994) (describing

the "time during which [defendants] were not complicit in the delay" as "actual delay").

Petitioner contends that, at the time the felony complaint was issued in December

2004, the Emmett County Prosecutor had constructive knowledge that Petitioner was in the custody

of the MDOC because a Petoskey police officer had interviewed him in the Bay City Jail in October

2004, while he was awaiting sentencing on an unrelated offense. Petitioner assumes that the Emmett County prosecutor was aware of the police interview and the circumstances of Petitioner's incarceration in Bay City, but does not offer any conclusive evidence that the prosecutor had actual knowledge of his whereabouts at the time the felony complaint was issued. Moreover, Petitioner does not allege or show that the delay in prosecution was motivated by bad faith. At the most, the Emmett County Prosecutor was negligent for failing to more diligently pursue the prosecution. The delay does not weigh heavily against the prosecutor because it does not appear to have been motivated by a "deliberate attempt to delay the trial in order to hamper the defense," *Barker*, 407 U.S. at 531, or by "bad faith, harassment or attempts to seek a tactical advantage," *Schreane*, 331 F.3d 548, 553 (6th Cir. 2003).

### 3.      Assertion of his Sixth Amendment right

As set forth above, Petitioner was arraigned in Emmett County on July 21, 2004. He pleaded guilty on September 20, 2004, and was sentenced on March 7, 2005. Petitioner did not assert his right to a speedy trial until his appellate counsel filed the motion to vacate his conviction on November 7, 2006. Petitioner offers no explanation whatsoever for his delay in formally asserting his rights for over two years following his arraignment. Petitioner's failure to timely assert his Sixth Amendment right weighs heavily against him. *See Barker*, 407 U.S. at 529, 532 (noting that courts are free to "weigh the frequency and force of the objections" and emphasizing that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial" ); *Watford*, 468 F.3d at 907 (finding that five-month delay in asserting speedy trial right weighed against defendant); *United States v. Thomas*, 167 F.3d 299, 305 (6th Cir. 1999) ("A defendant's failure to assert his rights in a timely fashion weighs heavily against his Sixth Amendment claim.").

4.      Prejudice

In considering the final *Barker* prong, prejudice to Petitioner from the pre-arraignment delay, "we must heed the Supreme Court's instruction to consider the possible prejudice suffered by the defendant in light of the interests safeguarded by the Sixth Amendment's speedy trial guarantee."  *Watford*, 468 F.3d at 907 (citations omitted).  "Three interests are paramount:  (i) preventing oppressive pretrial incarceration; (ii) minimizing the anxiety and concern of the accused; and (iii) limiting the possibility that the defense will be impaired."  *Id.* (citations omitted).  The third factor, impairment of the defense, is the most important "'because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'"  *Id.* (quoting *Barker*, 407 U.S. at 532 and *Schreane*, 331 F.3d at 557-58).

Petitioner does not point to any evidence of prejudice relating to the "paramount interests" of the Sixth Amendment.  He fails to argue that he suffered any oppressive pretrial incarceration.  Because he was properly incarcerated in jail or Michigan state prison during the entire period of the delay about which he complains, he clearly cannot claim any oppressive pretrial incarceration resulting from the delay.  *See Watford*, 468 F.3d at 907 ("[B]ecause Watford was already incarcerated on state murder charges, he had suffered no oppressive pretrial incarceration at the hands of federal authorities.").  Furthermore, Petitioner does not argue that he suffered any anxiety or concern during his pretrial delay or that his defense was impaired by the delay.  Petitioner's failure to allege  prejudice of any kind from the delay weighs heavily against him and in favor of the prosecutor.

In balancing the *Barker* factors, I conclude that the pre-arraignment delay did not deprive Petitioner of his Sixth Amendment right to a speedy trial.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it lacks merit on its face. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:   June 25, 2008                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).