UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN DeJESSE SAMPSON,
         Plaintiff,

                                                    Case No.  1:08-cv-395

-v-

                                                      HONORABLE PAUL L. MALONEY

BLAINE LAFLER,
         Defendant.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER
OBJECTIONS

      This Court has before it a Report and Recommendation (Dkt. No. 6) issued by Magistrate Judge Joseph G. Scoville.  Petitioner Sampson filed objections (Dkt. No. 7).  This Court has read the petition, Report and Recommendation, and objections.

I.  LEGAL FRAMEWORK

      After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to

file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

II. ANALYSIS

The Magistrate Judge recommends Petitioner's petition for habeas corpus be dismissed on both procedural and substantive grounds.[1] Petitioner alleges his state conviction violates his Sixth Amendment right to a speedy trial. The underlying facts are outlined in the Report and Recommendation. Petitioner Sampson has not objected to the Magistrate Judge's summary of the relevant facts. The Magistrate Judge first concludes Petitioner failed to raise his federal constitutional right in any state appellate proceedings. Because Petitioner failed to raise his Sixth Amendment right, he did not exhaust that claim. The Magistrate Judge also finds Petitioner waived his speedy trial claim when he pleaded guilty. Petitioner objects to these conclusions. The Magistrate Judge also concludes Petitioner's claim lacks substance. Assuming no procedural default or waiver, the Magistrate Judge finds the four factor test, when applied to Petitioner's situation, does not show that Petitioner's right to a speedy trial was violated. Petitioner objects to this conclusion as well.

A. EXHAUSTION

This Court agrees Petitioner did not fairly present his federal claim in state court. Petitioner pleaded guilty on July 21, 2004 and sentence was imposed on March 7, 2005. Petitioner, through

---

[1]Petitioner objects to the Magistrate Judge's conclusion that his petition should be dismissed pursuant to Rule 4 for lack of merit. This Court does not consider this particular objection separate from Petitioner's other objections.

counsel, filed a motion to vacate his conviction on November 7, 2006. In that motion, Petitioner raised both a violation of Michigan 180 day statute, MCL § 780.131, and a violation of his constitutional right to a speedy trial. (*See* Petition, Attachment 1 - Submissions to Michigan Court of Appeals at 36 (Appendix J - Prosecutor's Brief in Response)). The trial court denied Petitioner's statutory argument on the basis of *People v. Williams*, 716 N.W.2d 208 (Mich. 2006).[2] (*Id.* at 62 (Exhibit I - transcript from hearing in state court at 6). The trial court denied Petitioner's constitutional argument "for the reasons stated in the People's brief." (*Id.*). Petitioner filed, in pro per, a motion for reconsideration, which was also denied. (*Id.* at 40 (Exhibit F - Motion for Reconsideration and Brief in Support; *Id.* at 50 (Exhibit G - Opinion and Order Denying Motion for Reconsideration)). Petitioner, through counsel, appealed the trial court's denial of his motion to vacate conviction through a delayed application. Petitioner's brief in support of his delayed application to the Michigan Court of Appeals makes no reference to a constitutional right to a speedy trial. (*Id.* at 9-13). Petitioner's argument to the Michigan Court of Appeals was grounded entirely in state law and argued about the appropriate application of a state statute. Consequently, Petitioner only appealed the trial court's assessment of the 180 day statute, and did not present his constitutional speedy trial claim. Petitioner's application and brief in support filed with the Michigan Supreme Court generally frames the issues in state law, but there are references to a right to a speedy trial. (Petition, Attachment 2 - Application for Leave ¶¶ 10, 13 and 14) and (Petition Attachment 2 - Brief in Support at 2-5, 9, and 10). Those references, with one or two exceptions, are Petitioner's incorrect explanation of what was argued in his brief to the Court of Appeals. The

---

[2]The order denying Petitioner's motion to vacate was signed on December 14, 2006 and explains the denial is for "the reasons stated on the record." (Petition, Attachment 1 at 25 (Appendix F, Order Denying Motion to Vacate)).

3

other references to a speedy trial are made in discussions of Petitioner's motion for reconsideration to the trial court, where he argued he was not arraigned within 72 hours of his arrest and was not given a preliminary examination within 14 days.[3]

Petitioner's objection here raises three points. First, Petitioner argues the Michigan Supreme Court adopted the federal standard for assessing violations of the right to a speedy trial, citing *People v. Hill*, 262 N.W.2d 641 (Mich. 1978). As his third point, Petitioner points to three of the cases he cited in his brief to the Michigan Court of Appeals. This Court interprets Petitioner's first and third points here as an attempt to demonstrate that the Michigan authority he relied upon were "state cases employing federal constitutional analysis." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).[4]

Upon review of the three cases referenced in Petitioner's objection, this Court concludes the authority Petitioner relied upon in his briefs submitted to the state appellate courts do not fairly

---

[3]This argument was not raised in Petitioner's motion to vacate or application to the Michigan Court of Appeals, both filed by counsel. The argument was first raised in Petitioner's pro per motion for reconsideration. The trial court rejected the argument as not presented or decided in connection with the original motion to vacate. (Petition, Attachment 1 at 50 (Exhibit G - Opinion and Order Denying Motion for Reconsideration)).

[4]In *McMeans*, the Sixth Circuit Court of Appeals outlined four ways a defendant fairly presents a claim in state court.
> The federal courts do not have jurisdiction to consider a claim in a *habeas* petition that was not "fairly presented" to the state courts. A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented:" (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*McMeans,* 228 F.3d at 681 (citations omitted).

present a federal constitutional claim. *People v. Williams*, 194 N.W.2d 337 (Mich. 1972) (*Williams 1972*) quotes the Sixth Amendment in footnote four for the purpose of identifying where a criminal defendant's right to counsel is guaranteed in the Constitution. The opinions in *People v. Hill*, 262 N.W.2d 641 (Mich. 1978) and *People v. Williams*, 716 N.W.2d 208 (Mich. 2006) (*Williams 2006*) are both factually distinct from Petitioner's situation. The defendants in *Hill* and *Williams 2006* challenged the application of Michigan's 180 day statute (*Hill*, 262 N.W.2d at 278 and *Williams 2006*, 716 N.W.2d at 250) *and separately* alleged a violation of their right to a speedy trial (*Hill*, 262 N.W.2d at 282 and *Williams 2006*, 716 N.W.2d at 260). Without some signal, explanation or other direction alerting the state courts that a state prisoner is using that state authority to support a federal constitutional claim, the prisoner has not fairly presented the federal constitutional issue to the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding "that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

Petitioner's objection overlooks the specificity of his argument to the state appellate courts. *See Harris v. Booker*, 251 F.App'x 319, 322 (6th Cir. 2007) (holding the petitioner failed to exhaust his state remedies because his briefs to the state appellate courts did not present the issue "as the denial of some *federal* constitutional right.") (emphasis in original). In his brief to the Michigan Court of Appeals, Petitioner argued the state violated MCL § 780.131. Petitioner did not claim any violation of a general right to a speedy trial. Petitioner's references to a right to a speedy trial in his brief to the Michigan Supreme Court, as explained above, did not alert that court that Petitioner was arguing a violation of his rights under the Sixth Amendment. *Cf. Daniels v. Lafler*, 192 F.App'x 408,

5

418 (6th Cir. 2004) (holding isolated references to the constitutional right to a fair trial in a brief in support filed in a state appellate court was sufficient to raise the issue in state court).[5]

Petitioner's second point regarding the question of whether he fairly presented his right to a speedy trial is similarly unpersuasive. Petitioner argues *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam) supports the proposition that "simply citing the Fourteenth Amendment of the United States Constitution is sufficient to put the state on notice that a federal violation has been violated." (Objection at 2). The *Duncan* opinion supports the opposite conclusion; failure to apprise the state court that the issue was based in state law *and* federal law deprives the state court of the opportunity to rule on the issue and is insufficient to exhaust the claim. 513 U.S. at 366. The defendant in *Duncan* objected, based on state statutory grounds, to the admission of certain evidence at his trial. *Id.* at 364. On appeal, the defendant argued the evidentiary error was a miscarriage of justice under the state constitution. *Id.* In his writ for habeas corpus to the federal district court, the defendant argued the evidentiary error amounted to a violation of due process under the Fourteenth Amendment. *Id.* at 365. The district court granted the petition and the Ninth Circuit Court of Appeals affirmed, concluding the defendant exhausted his state remedies even though he had not

---

[5]The petitioner in *Daniels* wrote, at the end of two sections of his brief, "the error was not merely evidentiary. It negatively impacted on defendant's constitutional right to fair trial." The Sixth Circuit found that statement sufficient to raise the federal constitutional right to a fair trial in the Michigan Court of Appeals. Petitioner's references to his right to a speedy trial here did not sufficiently phrase his claim as one arising under the federal constitution. The references in the application to the Michigan Supreme Court are descriptive explanations, albeit inaccurate ones, of what was argued in his brief to the Michigan Court of Appeals. The references in the statement of fact section of the brief submitted to the Michigan Supreme Court describe what was argued in Petitioner's motion to vacate and motion for reconsideration. The discussion and argument portions of Petitioner's brief to the Michigan Supreme Court reference the constitutional protections contained in the due process clauses of the Fifth and Fourteenth Amendments, but not the right to a speedy trial under the Sixth Amendment.

raised the federal constitutional issue in his state court proceedings. *Id.* The United States Supreme Court granted the petition for certiorari and reversed the judgment of the Ninth Circuit, concluding the defendant failed to exhaust his state remedies. *Id.* at 366. Even if Petitioner's citation of state authority in which a constitutional analysis of a right to speedy trial was sufficient to exhaust his state remedies, Petitioner's claim must fail.

    B. WAIVER

This Court agrees with the Magistrate's conclusion that Petitioner waived his speedy trial claim when he pleaded guilty. On this point, Petitioner's objection raises two points. First, Petitioner argues the State "waived any objection to the procedural rule when it held an evidentiary hearing on 12/4/06 and did not rely on this ground. The states [sic] denial of relief on this issue was based on an interpretation of the statute. (Mt. Tr 12/4/06 p6)." (Objection at 2-3). Petitioner cites no authority for his argument. Second, Petitioner argues, in Michigan, the right to a speedy trial is considered jurisdictional, citing *People v. New*, 398 N.W.2d 358 (Mich. 1986).

Petitioner's objections are overruled. With regard to Petitioner's first point, he is simply incorrect. The trial court denied his constitutional speedy trial claim "for the reasons stated in the People's brief." The prosecutor's brief included the following:

> B. Constitutional Right to a Speedy Trial
> Defendant also argues, in paragraph 13, that his Constitutional Right to a speedy trial has been violated and that he is entitled to some relief for that violation. Defendant's guilty plea waives his right to a speedy trial. People v Lannom, 441 Mich. 490, 493-494, 490 NW2d 396 (1992) citing People v Smith, 438 Mich. 715, 475 NW2d 333 (1991). As the Lannom Court noted, the Smith Court also would have held that a plea waived the 180-day rule. Id. 441 Mich. 494 Fn7. Smith and its progeny were overruled by Williams, supra, but only to the extent that they were inconsistent with the plain language of the 180-day rule. Williams, supra, 475 Mich. at 248. In this case, Defendant waived the constitutional right to a speedy trial by entering into a plea agreement.

(Petition Attachment 1 at 36 (Appendix J - Prosecutor's Brief in Response)).  Petitioner's second point is, consequently, also simply incorrect.  Under the law cited in the prosecutor's brief, a guilty or nolo contendere plea in Michigan waives a defendant's ability to raise a violation of his constitutional right to a speedy trial.  *See also People v. Tinsley*, No. 192070, 1997 WL 33354705 (Mich. App. Feb. 14, 1997).  The same is true in the Sixth Circuit.  *United States v. Dossie*, 188 F.App'x 339,  (6th Cir. 2006) (citing *inter alia*, *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984)); *Howard v. White*, 76 F.App'x 52, (6th Cir. 2003); *Foster v. United States*, 145 F.3d 1331, 1998 WL 152755 (6th Cir. Mar. 26, 1998) (unpublished table opinion) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *Cranmer v. Chapleau*, 94 F.3d 644, 1996 WL 465025 (6th Cir. Aug. 13, 1996) (unpublished table opinion); *Hudson v. United States*, 991 F.2d 795, 1993 WL 120509 (6th Cir. Apr. 19, 1993) (unpublished table opinion).

### C.  MERITS

Finally, assuming Petitioner fairly presented the issue in state court and did not waive the issue by entering a guilty plea, the Magistrate Judge concludes the four factor analysis in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) for evaluating Sixth Amendment speedy trial claims shows Petitioner's rights were not violated.  After reading the Magistrate Judge's analysis and Petitioner's objections, this Court is persuaded that the four factors do not weigh in favor of concluding Petitioner's speedy trial rights were violated.

### III.  CONCLUSION

Having considered Petitioner's objections, this Court agrees with the conclusions contained in the Report and Recommendation.  Petitioner did not exhaust his remedies in state court because he failed to fairly present his claim for a violation of his right to a speedy trial under the Sixth

Amendment. Even if he managed to raise the issue, Petitioner waived his ability to allege the claim when he pleaded guilty. Finally, the factors do not weigh in favor of concluding Petitioner was denied his right to a speedy trial.

## ORDER

**IT IS HEREBY ORDERED:**

1. The Report and Recommendation (Dkt. No. 6) is **ADOPTED OVER OBJECTIONS.**

2. Petitioner's petition for habeas corpus (Dkt. No. 1) is **DISMISSED.**

3. A certificate of appealability as to each issue is **DENIED.**

**THIS ACTION IS TERMINATED.**


Date:  August 15, 2008                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          Chief, United States District Judge